UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBYN JOSEPH                                             CIVIL ACTION

VERSUS                                                   No. 25-2451

ERICKSEN KRENTEL, LLP                                    SECTION I

ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant Ericksen Krentel, LLP ("EK"). Plaintiff Robyn Joseph ("Joseph"), *pro se*, did not file an opposition. For the following reasons, the motion is granted in part and denied in part.

I.      FACTUAL BACKGROUND

According to Joseph's complaint, she is a former EK employee who filed a charge against EK with the Equal Employment Opportunity Commission ("EEOC") on August 25, 2025.[2] The EEOC issued her a notice of her right to sue on September 8, 2025.[3] She filed this action on December 5, 2025.[4] Her complaint raises two claims: unequal terms and conditions of employment because of her race, and retaliation,

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1, at 4, 8. In its motion to dismiss, EK states that Joseph filed a second EEOC charge against it on January 5, 2026, bringing claims for racial discrimination and retaliation from July 1 through August 29, 2025. R. Doc. No. 11-1, at 4. According to EK, the EEOC has not yet issued Joseph a right to sue letter with respect to the allegations in that charge. *Id.* Only the claims brought in Joseph's August 25, 2025, EEOC charge are presently before the Court.
[3] R. Doc. No. 1-1.
[4] R. Doc. No. 1.

1

both in violation of Title VII of the Civil Rights Act of 1964.[5] EK filed a motion to dismiss Joseph's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.[6]

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim may be dismissed pursuant to Rule 12(b)(6) "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citations omitted) (quoting *Iqbal,* 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Inclusive Communities Project*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

---

[5] *Id.* at 3–4. She also alleges "[d]enial of training and exclusion from government work," but the Court construes this as part of her allegations of unequal terms and conditions of her employment. *Id.*

[6] R. Doc. No. 11-1, at 1.

2

When considering a Rule 12(b)(6) motion to dismiss, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Gines v. D.R. Horton, Inc.,* 699 F.3d 812, 816 (5th Cir. 2012)). The Court will limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

"Allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). The "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam).

### III.    ANALYSIS

#### A.    Rule 12(b)(5)

EK moves to dismiss Joseph's complaint, in part, pursuant to Rule 12(b)(5), alleging that Joseph's service was untimely. However, EK fails to account for the Court's extension of Joseph's deadline to complete service. The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

> dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*

Fed. R. Civ. P. 4(m) (emphasis added). Joseph filed her complaint on December 5, 2025.[7] On March 6, 2026, the Court ordered Joseph to serve EK by April 10.[8] EK was served on March 26, before the Court's deadline.[9] Because Joseph complied with the Court's order, her service was timely, and EK's Rule 12(b)(5) motion is denied.

### B.      Rule 12(b)(6): Title VII Disparate Treatment

A Title VII disparate treatment claim challenges "employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). To bring a disparate treatment claim, a plaintiff must plead two ultimate elements: "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599–600 (5th Cir. 2021) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019)).

"If a plaintiff's disparate treatment claim depends on circumstantial evidence, [she] will 'ultimately have to show' that" she can establish a *prima facie* case pursuant to the framework set forth *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Cicalese*, 924 F.3d at 767 (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). "To establish a *prima facie* case under Title VII at the motion to dismiss stage, a plaintiff must plead that [she] '(1) is a member of a protected group;

---

[7] R. Doc. No. 1.

[8] R. Doc. No. 6.

[9] R. Doc. No. 7.

(2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."" *Woods v. STS Servs., L.L.C.*, 164 F.4th 394, 397 (5th Cir. 2026) (quoting *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024)).

Liberally construing Joseph's complaint, she alleges five instances of disparate treatment. First, she alleges that a colleague, Jean Aucoin, "refused to train [her] as instructed by firm leadership."[10] Second, she alleges that she "was required to complete QuickBooks training even though [she] did not have QuickBook[s] clients," while a "similarly situated white coworker Sherry Brown, who had QuickBook[s] clients, was not pressured to complete the training."[11] Third, she alleges that she "was excluded from Orleans Parish Clerk of Court Civil District assignments, while Sherry Brown" was not, even though Joseph claims to be "more qualified in Excel than" Brown.[12] Fourth, she alleges that her manager, Mandy Solomon, sent her an email telling her "to be more efficient" even though "she had received praise from firm leadership including Solomon just days earlier."[13] By contrast, Aucoin allegedly did

---

[10] R. Doc. No. 1, at 5.
[11] *Id.*
[12] *Id.* at 5–6.
[13] *Id.* at 6.

not receive a similar email despite "operat[ing] with acknowledged inefficient processes."[14] Fifth, "COO Lauren Fitch followed [her] on social media."[15]

Joseph's claims meet the first prong of the *McDonnell Douglas* test because she "is a member of a protected class." *Outley*, 840 F.3d at 216 (quoting *Okoye*, 245 F.3d at 512).[16] However, each of her allegations nevertheless fail to state a claim.

1.    *Aucoin's Refusal to Train*

Joseph fails to state a plausible claim that Aucoin refused to train her because of her race. She also alleges no "facts, direct or circumstantial, that would suggest" Aucoin's actions were racially discriminatory. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). For example, she does not plead that Aucoin trained another similarly situated employee of a different race.

2.    *QuickBooks Training*

Joseph fails to state a claim that being required to complete QuickBooks training violated Title VII. She does not plead any facts to support that it was an adverse employment action. An employment action is adverse if it causes "some harm respecting an identifiable term or condition of employment." *Brenyah v. Columbia Hosp. Corp. of Bay Area*, No. 25-40200, 2026 WL 2023814, at *4 (5th Cir. July 14, 2026) (quoting *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55 (2024)). But Title

---

[14] *Id.*

[15] *Id.*

[16] While Joseph does not mention her own race in her complaint, she pleads that Jean Aucoin and Sherry Brown are white. R. Doc. No. 1, at 5. EK cedes that Joseph is not white. R. Doc. No. 11-1, at 12. Joseph

VII "does not permit liability for de minimis workplace trifles." *Gaudette v. Angel Heart Hospice, L.L.C.*, No. 24-50523, 2025 WL 1419720, at *4 (5th Cir. May 16, 2025) (quoting *Hamilton v. Dallas County*, 79 F.4th 494, 505 (5th Cir. 2023) (en banc)). Joseph does not allege that the QuickBooks training harmed her in any way. *See, e.g.*, *Moye v. Tregre*, No. 22-30341, 2024 WL 65424, at *3 (5th Cir. Jan. 5, 2024) (emphasis in original) (quoting *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431 (5th Cir. 2023) (per curiam)) ("The remedial training requirement is, at most, 'differential treatment that *helps* the employee.'").

Joseph also fails to allege that she was required to complete the training because of her race. Without any direct evidence of discrimination, she "must establish that she was treated less favorably than a similarly situated employee outside of her protected class in nearly identical circumstances." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 998 (5th Cir. 2022). The Fifth Circuit "ha[s] defined 'similarly situated' narrowly." *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020). "A variety of factors are considered when determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications." *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018).

Joseph does not allege facts establishing that she was similarly situated to Brown. Her bare assertion that Brown is "similarly situated" is not enough.[17]

---

[17] R. Doc. No. 1, at 5

7

*Thornton v. Univ. of Tex. Sw. Med. Ctr. Sch. of Med.*, No. 24-10594, 2025 WL 619166, at \*3 (5th Cir. Feb. 26, 2025) (per curiam) (stating that "conclusory assertions that other employees were 'similarly situated' are insufficient because "[a]t the pleading stage, we require facts—not conclusory allegations"). According to Joseph's complaint, she did not have QuickBooks clients, while Brown did.[18] This is a relevant difference in job responsibilities and experience that undermines an inference that any differential treatment was a result of racial discrimination. *See Herster*, 887 F.3d at 185. For example, Brown may not have been assigned QuickBooks training because she did not need it.

Joseph's allegations also do not make it clear that Brown was treated less favorably than she was with respect to QuickBooks training. Joseph pleads only that Brown "was not pressured to complete the training," which implies that Brown, just like Joseph, was required to complete it even if she was not pressured to.[19] Joseph does not offer any concrete factual allegations explaining how the training requirement was enforced with respect to her differently than it was enforced with respect to Brown.

*3.    Exclusion from Orleans Parish Clerk of Court Assignments*

Similarly, Joseph's allegation that she was excluded from Orleans Parish Clerk of Court assignments because of her race is also implausible. She does not allege any facts to support that her exclusion from those assignments was adverse. She does not

---

[18] *Id.*

[19] *Id.*

claim that the Orleans Parish assignments were more pleasant or better paid than the ones she was given, or that her exclusion otherwise affected the terms and conditions of her employment.

Joseph does not plead any facts supporting an inference that she was excluded from these assignments because of her race. Joseph attempts to show that Brown was similarly situated to her and was allowed to work on these assignments. She claims she was significantly more proficient in Excel than Brown, whose billables were therefore "significantly reduce[d]."[20] But these allegations are not enough to show that she and Brown were similarly situated with respect to the Orleans Parish assignments. She does not explain why having superior Excel skills would entitle her to Orleans Parish assignments instead of the ones she was given.

4.    *Reprimand by Email*

Joseph's fourth allegation, that she received "an email instructing [her] to be more efficient" because of her race, fails to state a claim. She does not establish that receiving such an email was an adverse employment action. She does not allege that it carried any disciplinary consequences or otherwise affected a term or condition of employment. *See, e.g.*, *Lemonia v. Westlake Mgmt. Servs., Inc.*, No. 22-30630, 2023 WL 6878915, at *7 (5th Cir. Oct. 18, 2023) (quoting *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022)) ("[W]e have clearly held that 'verbal reprimands . . .

---

[20] *Id.* at 6.

9

do not constitute actionable adverse employment actions as discrimination or retaliation.'").

Joseph also fails to allege that she received the email because of her race. Her passing statement that Aucoin did not receive an email is not enough to establish that Aucoin was similarly situated. Joseph does not explain what Aucoin's "acknowledged inefficient processes" were and how they compared to the inefficiencies Joseph was allegedly accused of. She therefore does not come close to showing that their circumstances were "nearly identical." *Saketkoo*, 31 F.4th at 998.

*5.    Followed on Social Media*

Finally, Joseph's fifth allegation fails to state a claim because she did not allege that being followed on social media was an adverse employment action. Joseph merely pleads that she was the only employee who had been followed on social media and that it "contribut[ed] to a hostile and retaliatory work environment."[21] These conclusory statements are insufficient to establish harm.

## C.    Rule 12(b)(6): Title VII Retaliation

To plead a Title VII retaliation claim, a plaintiff must plead facts to support an inference "that: (1) she 'participated in an activity protected by Title VII;' (2) her 'employer took an adverse employment action against' her; and (3) 'a causal connection exists between the protected activity and the adverse employment action.'" *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 224 (5th Cir. 2023)

---

[21] *Id.* at 6

(quoting *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021)). "An employee engages in protected activity when she opposes an employment practice that she 'reasonably believes' violated Title VII." *Id.*

Joseph makes two allegations of Title VII retaliation, but both fail to state a claim. She first alleges that, after she reported Aucoin's failure to train her, she "was continually excluded from Orleans Parish Clerk of Court Civil District assignments."[22] This is not enough to allege either element of a retaliation claim. As stated above, she did not allege enough facts to show that her exclusion from Orleans Parish Clerk assignments was an adverse employment action. She also fails to allege that she engaged in protected activity. Joseph pleads no facts demonstrating that she reasonably believed Aucoin's failure to train her violated Title VII. Therefore, Joseph's complaint against Aucoin was not protected by Title VII.

Joseph's second allegation is that she "filed a retaliation complaint" "after [Solomon] sent an email instructing [her] to be more efficient."[23] This claim is insufficient because the adverse employment action took place before Joseph filed her complaint against Solomon. To state a claim for retaliation, Joseph must plead that EK took an adverse employment action against her because of the complaint she filed against Solomon.

---

[22] *Id.* at 5

[23] *Id.* at 6.

## IV.    CONCLUSION

**IT IS ORDERED** that EK's motion to dismiss Joseph's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) is **DENIED**.

**IT IS FURTHER ORDERED** that EK's motion to dismiss Joseph's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and that Joseph's claims against EK are **DISMISSED**.

New Orleans, Louisiana, July 31, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

12